**UNITED STATES of America,**

v.

**Raymond Luc LEVASSEUR.**

**Crim. No. 76–36 SD.**

United States District Court,
D. Maine.

May 28, 1985.

James R. Bushell, Downeast Law Offices, Portland, Me., Lewis S. Gurwitz, Winthrop, Mass., for plaintiff.

Richard S. Cohen, U.S. Atty., F. Mark Terison, Asst. U.S. Atty., Portland, Me., for defendant.

## MEMORANDUM AND ORDER ON GOVERNMENT'S MOTION TO DISMISS DEFENDANT LEVASSEUR'S MOTION TO SUPPRESS AS MOOT AND DENY DEFENDANT LEVASSEUR'S MOTION FOR RETURN OF SEIZED PROPERTY

GENE CARTER, District Judge.

Defendant, Raymond Luc Levasseur, in the above-entitled matter has previously filed a motion to suppress under Fed.R. Crim.P. 12 and for the return of property under Fed.R.Crim.P. 41(e). This motion deals with material seized pursuant to warrant from the premises at 1903 State Route 225 in Deerfield, Ohio. Defendant has also filed a motion under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) for an evidentiary hearing with respect to alleged factual errors contained in the affidavit supporting the application for the search warrant in question. The Court, in its bench ruling of May 23, 1985, granted

the Defendant's request for an evidentiary hearing pursuant to *Franks v. Delaware, supra.* The Court had scheduled before it this morning the *Franks* hearing with respect to the alleged errors in the warrant affidavit and oral argument upon the Defendant's Motion to Suppress and For Return of Property.

This morning, the Government filed a notice, pursuant to Fed.R.Crim.P. 12(d)(1), that it will not utilize in its case-in-chief at trial any evidence seized at the premises at 1903 State Route 225 in Deerfield, Ohio as the result of the execution of the search warrant in question. Additionally, the Government has filed its motion to dismiss the Defendant Levasseur's Motion to Suppress such evidence as moot. That motion also requests the denial of the Defendant's Motion for Return of the Seized Property.

### I.

■ The Government has represented to the Court in oral argument that it will not utilize or offer in evidence as part of its case-in-chief in this case or in Criminal No. 77–15 SD [1] any evidence or testimony derived directly or indirectly from the circumstances attendant upon the execution of the search warrant in question at the premises described in Deerfield, Ohio. On the basis of that representation, it is clear that there remains no justiciable issue pending before this Court on those parts of the Defendant's motions which seek an order of this Court suppressing the use of such evidence in the course of the trial of this matter. The suppression aspects of the motions have in fact become moot by virtue of the Government's notice and representation to the Court. On the basis of such representation, the Court will preclude the Government from the utilization of such evidence and testimony in the course of its case-in-chief in this case and in Criminal No. 77–15 SD, further buttressing the conclusion that the suppression aspects of the Defendant's

---

1. Defendant has been indicted in this district for two different bank robberies. Only Criminal No. 76–36 SD is currently being prosecuted by the Government. The Government, however, has represented that it will not utilize evidence from the search in any trial of the other case, Criminal No. 77–15 SD.

motions are in fact moot. Accordingly, the Defendant's motions, to the extent that they seek an order of this Court suppressing such evidence and testimony in the course of the Government's case-in-chief in this matter will be dismissed for mootness.

■ Under the Federal Rules of Criminal Procedure, this Court is not the proper forum for the hearing of either Defendant's suppression motion or his motion for return of property. Fed.R.Crim.P. 41(f) provides that "[a] motion to suppress evidence may be made in the court of the district of trial as provided in Rule 12." The Advisory Committee Notes explain that subsection (f) reflects the position that it is best to have the motion to suppress made in the court of the district of trial rather than in the court of the district in which the seizure occurred. The Court construes this language to mean that the motion should be brought in the court of the district of the trial in which the evidence will be presented. As is made clear by the representation of the United States Attorney, that is not the case here. The Court finds, therefore, that its entertainment of Defendant's Motion to Suppress is outside the contemplation of Rule 41.

Defendant's motion also seeks the return of the seized property. Rule 41(e) provides that "[i]f a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12." The rationale for this sentence is set forth in the Advisory Committee Notes to the 1972 Amendment: "This change is intended to further the objective of rule 12 which is to have all pretrial motions disposed of in a single court appearance rather than to have a series of pretrial motions made on different dates, causing undue delay in administration." Because the Court has found this forum to be inappropriate for Defendant's suppression motion, on the facts as they now exist, the Court also finds that the motion for return of property should not be heard here. That motion should go forward with the suppression motion, if one is brought in another jurisdiction. *See Imperial Distributors, Inc. v. United States,* 473 F.Supp. 294, 296 (D.Mass.1979). Alternatively, if no other suppression motion is brought, the Defendant, under the provisions of Rule 41(e), will have recourse in the district in which the property was seized. *Id.*

Defendant opposes the Government's Motion to Dismiss because the Government has indicated its intent to introduce evidence seized in the Ohio search in prosecutions against Defendant pending in the Eastern District of New York. The Defendant anticipates that a ruling by this Court on his Motion to Suppress would collaterally estop relitigation of the issue in other prosecutions. It is possible that a ruling by this Court would be accorded preclusive effect in another district. *See Mayo v. United States,* 425 F.Supp. 119 (E.D.Ill.1977). This Court nevertheless declines to decide an issue in which one of the parties before it professes no interest. The *speculative possibility* that the ruling will be decisive in a future case does not change the fact that the issue is moot in any case pending in this District. The Court's determination is reinforced by the fact that the Defendant will have the opportunity to litigate the issue in the forum in which it is proposed to use the property as evidence.

II.

For the foregoing reasons, Defendant Levasseur's Motion to Suppress and For Return of Evidence, filed on March 1, 1985, is hereby DISMISSED without prejudice to its reassertion in the United States District Court for the Northern District of Ohio or of any District where the Government proposes to use against Defendant at trial any evidence seized pursuant to the subject search warrant.

At oral argument defense counsel has made a motion for sanctions, on various bases, against the Government. The Court has not had the benefit of any briefing on that motion and has had no time to conduct research of its own in respect to it. The

Court is fully satisfied that it would be ill-advised to precipitately decide the issues so recently raised. Accordingly, the oral motion is DENIED *without prejudice* to its renewal and briefing in written form in conformity with Local Rule 19(a). If such filings occur within ten days of this Memorandum and Order, the Court will consider the appropriate action thereon in due course; otherwise, those issues will be deemed to be waived.

So ORDERED.