**In re Warrantless Seizure, Barry Bernard SMITH.**

**No. 89–5114.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 27, 1989.

Allan M. Palmer, appeared on the motion for summary reversal filed by the appellant.

John R. Fisher, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., appeared on the motion to remand.

Before WALD, Chief Judge, EDWARDS and SILBERMAN, Circuit Judges.

On Motion for Summary Reversal and Motion to Remand

Order and Memorandum for the Court filed PER CURIAM.

### ORDER

Upon consideration of appellant's motion for summary reversal; appellee's motion for remand; and this court's order to show cause of August 3, 1989, and the response thereto, it is

*ORDERED* that the order to show cause be discharged. It is

*FURTHER ORDERED* that the motion for summary reversal be denied. It is

*FURTHER ORDERED* that the motion for remand be granted for the reasons stated in the attached opinion.

The Clerk is directed to issue forthwith a certified copy of this order to the district court in lieu of formal mandate.

## PER CURIAM

PER CURIAM:

Appellant Barry Bernard Smith initiated an action in the district court pursuant to Federal Rule of Criminal Procedure 41(e), seeking the return of money seized from him by law enforcement officials at Union Station. In an order filed April 17, 1989, the district court denied Smith's motion by fiat. For the reasons that follow, the case is remanded to the district court for further proceedings.

The government presented two arguments to the district court in opposition to the Rule 41(e) motion. First, the government contended that the motion was ineffective since Rule 41(e) can be used only to recover items seized illegally. Because the search of Smith which led to discovery of the money was consensual, the government claimed that the seizure was not illegal and Rule 41(e) was not applicable. Second, the government maintained that even had the money been seized illegally, Smith's Rule 41(e) motion was ineffective in view of the money's evidentiary value in an ongoing grand jury investigation. The government's arguments are unavailing.

■ Contrary to the government's assertion, a consensual search is not equivalent to a lawful seizure. Nor is the existence of an ongoing grand jury proceeding, without more, a sufficient basis for withholding the money seized. The government's reliance on *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974) (*Calandra*), to support its contention in this regard is misplaced.[1] Although *Calandra* held that illegally seized evidence may be utilized by a grand jury, it does not prohibit an aggrieved party from seeking return of his property. *Calandra*, 414 U.S. at 342 n. 2, 94 S.Ct. at 617 n. 2.

■ Moreover, even if the money is evidence in a criminal proceeding, the district court has failed to make the requisite probable cause finding to support its continued retention. While money may have evidentiary value, for it to be relevant evidence, "[t]here must, of course, be a nexus ... between the [money] and criminal behavior. Thus in the case of 'mere evidence,' probable cause must be examined in terms of cause to believe that the evidence ... will aid in a particular ... conviction." *Warden v. Hayden*, 387 U.S. 294, 307, 87 S.Ct. 1642, 1650, 18 L.Ed.2d 782 (1967). Such a finding has not been made in this case. In fact, there is no proof, beyond the government's bald assertion, that the money seized is relevant evidence in an ongoing grand jury proceeding.

■ If the money is found to be relevant evidence, the district court must balance the interests of the government in holding the property against Smith's interest in a temporary loss of the property. *See, e.g., Sovereign News Co. v. United States*, 690 F.2d 569, 578 (6th Cir.1982); *United States v. Premises Known as 608 Taylor Ave.*, 584 F.2d 1297, 1303–04 (3rd Cir.1978); *Shea v. Gabriel*, 520 F.2d 879, 882 (1st Cir.1975). The district court should also consider whether the government's interest could be served by an alternative to retaining the property. *Id.*

There is nothing in the record at this time to justify withholding Smith's money. Smith made a *prima facie* case of entitlement to the money. *See United States v. Wright*, 610 F.2d 930, 939 (D.C.Cir.1979)

---

**1.** In *Calandra,* the Supreme Court held that a witness called by a grand jury could not refuse to answer questions on the ground that the questions were based on evidence obtained from an unlawful search and seizure. The case did not address the legality of retaining illegally seized items as evidence in a grand jury proceeding. In fact, the government did not challenge those portions of the Court of Appeals' decision which affirmed the district court's finding that the search of Calandra's business and the seizure of his property was illegal and affirmed the district court's order directing return of the illegally seized property. *Calandra,* 414 U.S. at 342 n. 2, 94 S.Ct. at 617 n. 2.

(the seizure of property from a person is *prima facie* evidence of that person's entitlement to the property), and the government has stipulated that it is not currently pursuing civil forfeiture. In addition, the arguments advanced by the government in support of retaining the money are unconvincing and not supported by the record. Accordingly, the case is remanded for further proceedings consistent with this opinion.

*Remanded.*