42 F.3d 1402
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re SEARCH WARRANT EXECUTED MARCH 31, 1992 AT 1808 Abalone
Avenue, Torrance, California, and the Seizure of
Merchandise.
William B. HALL, dba: LMB Industries, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 
 No. 93-55674.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1994.
Decided Nov. 30, 1994.
 Before: CANBY, LEAVY, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William B. Hall, dba LMB Industries, appeals the district court's order denying Hall's motion for return of property pursuant to Fed.R.Crim.P. 41(e). The parties are familiar with the facts, so we need not recite them here. "Generally, a Rule 41(e) motion is properly denied 'if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.' " United States v. Mills, 991 F.2d 609, 612 (9th Cir.1993) (quoting United States v. Van Cauwenberghe, 934 F.2d 1048, 1061 (9th Cir.1991)). " '[R]easonableness under all the circumstances must be the test when a person seeks to obtain the return of property.' " Ramsden v. United States, 2 F.3d 322, 326 (9th Cir.1993) (quoting Advisory Committee Notes to the 1989 Amendment of Rule 41(e)), cert. denied, 114 S.Ct. 1624 (1994). "The United States' retention of the property generally is reasonable if it has a need for the property in an investigation or prosecution." Id.
 
 
 3
 While a great deal of focus in this case has been placed on the legality of the search and seizure, under Rule 41(e), Hall must show that he is either "aggrieved by an unlawful search and seizure or by the deprivation of property." Fed.R.Crim.P. 41(e) (emphasis added); see also Van Cauwenberghe, 934 F.2d at 1060 n. 8 (9th Cir.1991); 3 Charles A. Wright, Federal Practice and Procedure: Criminal 2d Sec. 673 (Supp.1994). While we do agree with the district court that the search and seizure in this case was lawful,[1] this conclusion is not dispositive. See id. The questions here are whether Hall was entitled to lawful possession of the blades; whether the blades were contraband or the fruit of illegal activity; and whether the evidentiary utility of the blades was exhausted. See Van Cauwenberghe, 934 F.2d at 1060 n. 8 (citing United States v. Martinson, 809 F.2d 1364, 1369 (9th Cir.1987)).
 
 
 4
 The district court summarily denied Hall's motion on the basis of the legality of the search and seizure and Hall's failure to demonstrate lawful possession. The determination of the right to possession is a finding of fact which is reviewed for clear error. In re Grand Jury Subpoenas Dated Dec. 10, 1987, 926 F.2d 847, 855 (9th Cir.1991). Due to the summary nature of the court's ruling, however, we are left with little to review. The government's argument on appeal is that Hall did not demonstrate that the blades seized were in his exclusive possession. Rule 41(e), however, does not speak in terms of "exclusive possession," but in terms of "lawful possession." See Government of Virgin Islands v. Edwards, 903 F.2d 267, 273-74 (3d Cir.1990) ("The Advisory Committee Notes speak to nothing more than the 'possessory' interests of the movant.").
 
 
 5
 Despite the gap that we are left with on the issue of lawful possession, review of the district court's interpretation of Rule 41(e) is de novo. Mills, 991 F.2d at 612. The record supports our conclusion that the denial of the motion in March 1993 was proper because the government was entitled to a reasonable amount of time to permit a determination of whether the blades were evidence or fruits of crime or contraband. See Ramsden, 2 F.3d at 326; Martinson, 809 F.2d at 1369. The government's continued possession was appropriate whether or not Hall's possession was exclusive. Preliminary examination had revealed evidence of unauthorized repairs and alteration of serial and part numbers. When the district court denied the motion, the evidentiary utility of the blades was not exhausted. See Van Cauwenberghe, 934 F.2d at 1060 n. 8.
 
 
 6
 As for the time period between the seizure and the filing and denial of the 41(e) motion, it is clear that the blades were needed for evidentiary purposes and that the government had not abandoned its investigation. More than two-and-one-half years have passed since the seizure of the blades, however. The government informed this court at oral argument that no charges have been filed, but that approximately 105 blades are still being retained as part of an ongoing criminal investigation. In view of the fact that the legality of the search does not bar Rule 41(e) relief to Hall, and the possibility that Hall could demonstrate lawful possession, as opposed to the improper standard of exclusive possession, Hall may be in a position to renew his 41(e) motion. "We have no doubt that it would be antithetical to the notions of fairness and justice under which we operate to convert the government's right to temporary possession to a right to hold such property indefinitely." Virgin Islands, 903 F.2d at 274.
 
 
 7
 In this regard, however, we note that the district court did not have the benefit of Ramsden, 2 F.3d 322, when it ruled on Hall's motion. Ramsden enumerates the factors that must be considered before a district court can reach the merits of a preindictment Rule 41(e) motion. Id. at 324-26. If the merits can be reached, under the circumstances, a minimal showing of lawful possession would be required to shift the burden to the government to demonstrate that it has a legitimate reason to retain the blades. See Martinson, 809 F.2d at 1369; id. at n. 4, n. 5; see also Van Cauwenberghe, 934 F.2d at 1061.
 
 
 8
 Because at the time the district court ruled on Hall's Rule 41(e) motion the government was within a reasonable time frame for evaluating whether the blades were the fruit of criminal activity or contraband, as well as for evaluating their evidentiary utility, we affirm the denial of the motion, but without prejudice to the renewal of the motion by Hall or others entitled to lawful possession.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 There was probable cause to believe that personnel from both DIH and LMB were engaged in trafficking of counterfeit helicopter blades. The government was entitled to seize all of the blades because the counterfeit nature of the blades would not necessarily be apparent on ready examination. Hall did not meet his burden in demonstrating deliberate falsehoods in the warrant affidavits, and therefore no Franks hearing was required. Franks v. Delaware, 438 U.S. 154, 171 (1978); see also United States v. Valencia, 24 F.3d 1106, 1109 (9th Cir.1994)