25 F.3d 1041
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David Thomas CLENNEY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Thomas CLENNEY, Defendant-Appellant.
 Nos. 92-7265, 93-6273.
 United States Court of Appeals,
Fourth Circuit.
 Submitted Feb. 10, 1994.
Decided May 31, 1994.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CR-90-453-A, CA-91-1819-AM)
 David Thomas Clenney, appellant pro se.
 Thomas Higgins McQuillan, Beth M. Elfrey, Office of the United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED IN NO. 92-7265, AFFIRMED IN NO. 93-6273.
 Before PHILLIPS, NIEMEYER, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Following his guilty plea to one count of mail fraud under 18 U.S.C.A. Sec. 1341 (West Supp.1993), David Thomas Clenney was sentenced to thirty months in prison and three years of supervised release. Clenney filed motions for return of seized property and to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. Sec. 2255 (1988). In Case No. 92-7265, Clenney appeals the district court's order denying the motion to return seventeen items seized from Clenney pursuant to his arrest. In Case No. 93-6273, he appeals the district court's dismissal of his Sec. 2255 motion. We find that the district court properly dismissed the Sec. 2255 motion and properly denied the motion to return some of the items seized from Clenney. However, we find that Clenney was entitled to the return of the remainder of the listed items. Consequently, we affirm in part, vacate in part, and remand for further proceedings consistent with this opinion.
 
 
 2
 Clenney fraudulently obtained credit card numbers and used them to purchase thousands of dollars of merchandise from numerous stores, including Nordstrom's. A one-count indictment charged Clenney with mail fraud in violation of 18 U.S.C.A.Sec. 1341 (West Supp.1993). In December 1990, he entered a plea agreement under which he waived his right to appeal his sentence.
 
 
 3
 The guideline range[1] based on Clenney's criminal history category (VI) and offense level (eight) was eighteen to twenty-four months in prison. The probation officer recommended an upward departure on the grounds that Clenney's criminal history category and offense level failed to adequately represent the seriousness of his crime. The government agreed with the probation officer's recommendation for an upward departure.
 
 
 4
 Clenney objected to the government's recommendation for upward departure. Overruling the objection, the district court departed upward from the applicable guideline range on the grounds that the offense level did not represent the seriousness of Clenney's offense and the criminal history category did not take into account that Clenney was being sentenced for a crime identical to one he previously committed, and because he violated the terms of his bond. The court increased Clenney's offense level to ten, placing his guideline range at twenty-four to thirty months, and sentenced him to a thirty month prison term and three years of supervised release. The court also ordered him to pay $1500 in restitution to Nordstrom's and a $50 special assessment, and to undergo drug and alcohol treatment.
 
 
 5
 Clenney did not appeal his conviction. In his Sec. 2255 motion, he claimed several errors concerning the upward departure from the guideline range. His motion for return of property sought the return of eighteen items the United States Secret Service ("USSS") seized after Clenney's arrest. The government filed summary judgment motions in response to both of Clenney's motions, to which Clenney replied. The district court granted summary judgment for the government on Clenney's Sec. 2255 motion, and issued an order granting Clenney's motion to return Item 18, but denying Clenney's motion to return Items 1 through 17. Clenney's appeal of these orders is timely.
 
 I. Appeal No. 93-6273
 
 6
 The government argued in its opposition to Clenney'sSec. 2255 motion that Clenney waived his right of appeal in his plea agreement and thus should be barred from challenging his sentence in this Sec. 2255 motion. The district court did not address this issue.
 
 
 7
 The effect of this waiver on this motion is not clear. Under the approach taken by the Ninth Circuit in United States v. Abaraca, 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 61 U.S.L.W. 3835 (U.S.1993), when a defendant waives his right of direct appeal in his plea agreement, he also waives his right to challenge his conviction in a Sec. 2255 motion, unless the challenge is based on ineffective assistance of counsel or involuntariness of the waiver. This view appears to conflict this Court's precedent in United States v. Harvey, 791 F.2d 294, 300 (4th Cir.1986), where we held that a plea agreement should be interpreted and enforced according to its terms.
 
 
 8
 We need not decide the issue here. It is clear that Clenney did not file a direct appeal. "[T]he Supreme Court has held that the government's 'interest in the finality of its criminal judgments' warrants a stringent cause-and-prejudice standard of review forSec. 2255 movants who waive their right of direct appeal." United States v. Metzger, 3 F.3d 756, 757 (4th Cir.1993). Clenney has failed to show cause for his failure to appeal.
 
 
 9
 In his motion, Clenney stated that the reason he failed to appeal was because he was incarcerated in Charlotte, North Carolina, until June 1991 and did not have access to a law library. We find that this is not good cause. See Murray v. Carrier, 477 U.S. 478, 488 (1986) (requiring showing of ineffective assistance of counsel, factor external to defense which impeded compliance, or showing of novelty of claim). No legal discussion was necessary for Clenney to file his notice of appeal. Because Clenney failed to show good cause for his failure to file a direct appeal, his claims are barred in this Sec. 2255 motion. We therefore affirm the district court's denial of Sec. 2255 relief.
 
 II. Appeal No. 92-7265
 
 10
 Clenney also appeals the district court's order denying his motion for return of seventeen listed items of property seized by the USSS pursuant to his arrest. "The seizure of property from someone is prima facie evidence of that person's entitlement." United States v. Wright, 610 F.2d 930, 939 (D.C.Cir.1979) (emphasis omitted). Here, it is undisputed that the government seized all seventeen items from Clenney. Therefore, Clenney is entitled to return of the property unless the government shows that it is entitled to maintain possession. "The government may meet this burden by demonstrating 'a cognizable claim of ownership or right to possession adverse to that of [the defendant].' " United States v. Mills, 991 F.2d 609, 612 (9th Cir.1993) (citations omitted). An ongoing criminal investigation constitutes sufficient continuing interest to warrant denial of the defendant's motion. Sovereign News, 690 F.2d 569, 577 (6th Cir.1982), cert. denied, 464 U.S. 814 (1983).
 
 
 11
 In this case, the government explained that most of the listed items had been returned to the rightful owner, or were suspected of being stolen property and were being held pending a criminal investigation; the government asserted that several items, based on the totality of the circumstances, simply did not belong to Clenney. In response, Clenney argued that the government failed to meet its burden, but he did not provide any evidence that he was the rightful owner of the seized property.
 
 
 12
 The government explained that it did not return Items 6 and 7, jewelry seized from Clenney, because these pieces resembled jewelry reported stolen from the home of Clenney's ex-girlfriend's mother. The government argued that it should not be compelled to return these items to Clenney because an ongoing state criminal investigation concerning this burglary gave the government a continuing interest in the jewelry. An ongoing criminal investigation constitutes sufficient continuing interest to warrant denial of a motion to return property. Mills, 991 F.2d at 612; Sovereign News, 690 F.2d at 577. Thus, the district court properly denied the motion for the return of these items.
 
 
 13
 As a convicted felon, Clenney cannot possess firearms. 18 U.S.C.A. Sec. 922(g) (West Supp.1993). Thus, he was not entitled to the return of Items 8 and 9. The government explained that Item 8, a rifle, was returned to Clenney's mother, who he admitted is the owner. Clenney stated that Item 9 was one of two shotguns seized from him. He states that he does not know the serial number of the shotgun belonging to him, but can identify it from its gold trigger. The government explained that it seized two shotguns and that it had returned one, serial number 53332, to its owner from whom it was stolen. Although the government failed to explain the whereabouts of the other shotgun, we find that because Clenney could not lawfully possess the shotgun, the district court properly denied his motion to return it.
 
 
 14
 Item 16 was an Amtrak boarding pass issued to A. Henderson. Because the pass was not issued in Clenney's name, the government met its burden of proving that the ticket did not belong to Clenney.
 
 
 15
 Items 1 through 5 and 17 are miscellaneous merchandise. The government cannot identify the owners, but claims it should not be required to return these items to Clenney due to his history of stealing property. Items 10 and 11 were suits from Hugh Boss stores. The government explained that it had not returned these suits to Clenney because the USSS had discovered that, using a fraudulent credit card number, Clenney had purchased many suits and other clothing from a Hugh Boss store. While many of the stolen articles of clothing had been returned to the store, the government explained that the rightful owner of Items 10 and 11 had not yet been located and that the suits would be returned to the rightful owner when found.
 
 
 16
 Seized property other than contraband must be returned to the rightful owner when criminal proceedings end. Sovereign News, 690 F.2d at 577. Clenney could not prove that he was the rightful owner; however, the burden was the government's to prove that he was not. Because he had possession of Items 1 through 5, 10, 11, and 17, and the government could not show that someone else had a cognizable claim of ownership, Clenney is entitled to have these items returned to him. Virgin Islands v. Edwards, 903 F.2d 267, 273 (3d Cir.1990). The fact that Clenney's possession of these objects is suspicious does not change this result. Id.
 
 
 17
 Items 12 to 15 were cash seized from Clenney, $1000 from his wallet and $6000 from the briefcase he was carrying at the time of his arrest. Clenney's unexplained possession of $7000 cash at the time of his arrest is suspicious in light of his earnings of only $19,000 in 1990.[2] Nevertheless, because the government failed to meet its burden of showing that any one else had a cognizable claim to the money, thereby failing to overcome the prima facie presumption that Clenney was the rightful owner, the district court should not have denied Clenney's motion for return of this money.
 
 CONCLUSION
 
 18
 For these reasons, in Case No. 93-6273, we affirm the district court's order dismissing Clenney's Sec. 2255 motion. In Case No. 92-7265, we affirm the district court's order denying Clenney's motion for the return of Items 6 through 9 and 16, but vacate the order denying Clenney's motion for the return of Items 1 through 5, 10 through 15, and 17, and remand to the district court for the entry of an order granting to Clenney the return of these objects. Clenney's motion to expedite, filed in this Court, is now moot and is dismissed for that reason. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 19
 No.92-7265--AFFIRMED IN PART, VACATED IN PART AND REMANDED No.93-6273-- AFFIRMED
 
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov.1989)
 
 
 [2]
 Clenney earned $19,000 in 1990 before his October 31, 1990 arrest