MEMORANDUM AND ORDER
 

 BLOCK, District Judge.
 

 Lance Green (“Green”), who is presently serving a prison sentence, moves
 
 pro se
 
 pursuant to Federal Rule of Criminal Procedure 41(e) for an order compelling the United States to return to him $3,500 in cash and a gold chain with a medallion.
 
 *230
 
 He alleges that these items were seized by the Federal Bureau of Investigation (“FBI”) when he was arrested on September 3, 1993. The United States does not object to the return of the jewelry, but objects to Green’s demand for the money because 1) the FBI only seized $300, and 2) the $300 was the proceeds of a robbery committed by Green. Green has not challenged the government’s submission or produced any evidence to establish that he has a legal interest in the money.
 

 I.
 

 Rule 41(e) states, in part:
 

 A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant ....
 

 Fed.R.Crim.Pro. 41(e);
 
 see Mora v. United States,
 
 955 F.2d 156, 158 (2d Cir.1992) (“[I]n making a determination, a trial court must rely on the evidence before it.”);
 
 United States v. Dean,
 
 100 F.3d 19, 20 (5th Cir.1996) (deciding Rule 41(e) motion without hearing as “[ejvidentiary hearings are not granted as a matter of course; such a hearing is required only if any disputed material facts are necessary to the decision of the motion”). Although Rule 41(e) does not set forth the applicable burden of proof, most courts have held that the government has the burden to prove by a preponderance of the evidence that the petitioner is not entitled to return of the property.
 
 See Ruiz v. United States,
 
 90-C-186, 1990 WL 203118, at *1 (E.D.N.Y. Nov.23, 1990);
 
 see Gov’t of the Virgin Islands v. Edwards,
 
 903 F.2d 267, 274 (3d Cir.1990);
 
 United States v. Martinson,
 
 809 F.2d 1364, 1369 (9th Cir.1987);
 
 United States v. Moloney,
 
 985 F.Supp. 358, 361 (W.D.N.Y.1997). Of course, a person who has stolen money or goods cannot have lawful possession of that property.
 
 See Moloney,
 
 985 F.Supp. at 363-64 (collecting Rule 41(e) cases concerning stolen property).
 

 In making its determination that the government has met its burden of proof, the court may rely on the record developed in prior criminal proceedings against the claimant.
 
 See Dean,
 
 100 F.3d at 20 (in ruling on Rule 41(e) motion, “[t]he judge was entitled to view the jury’s verdict of guilty as an implicit acceptance of the government’s theory that all of the money constituted proceeds from the bank robbery”);
 
 United States v. Maez,
 
 915 F.2d 1466, 1469 (10th Cir.1990) (court relied on evidence adduced at claimant’s first trial to determine that money seized at his arrest was proceeds of bank robbery);
 
 Moloney,
 
 985 F.Supp. at 361-62 (W.D.N.Y.1997) (after claimant’s conviction, government carried its burden of showing that currency was stolen from bank and claimant was not entitled to its return) (collecting cases);
 
 Ruiz,
 
 1990 WL 203118, at *1 (same).
 

 II.
 

 In March and April 1995, Green was tried by this Court and convicted by a jury on four counts of violating 18 U.S.C. § 1951, including the robbery and beating of Jung Bae Choi (“Choi”). At trial, Choi testified that he was the owner of Choi Deli Grocery, and that on August 30, 1993, he was robbed and beaten while taking a deposit of approximately $4,000 in paper currency, $300 in food stamps, and $100 in coins to Citibank. FBI Agent Taylor testified that on September 3, 1993, four days after the robbery, Green was arrested by the FBI with the help of New York City Police at Green’s girlfriend’s apartment in Brooklyn, New York. Following the arrest, the FBI and police searched the apartment with the written permission of Ellen Williams, the mother of Green’s girlfriend. The FBI seized several items, including $300 dollars in United States currency,
 
 *231
 
 and food stamps with Choi Deli Grocery cancellation markings, which were found together in a brown paper sack on the floor of a bedroom closet. During the trial, Agent Taylor identified the food stamps and $300 cash as items seized after Green’s arrest; they were then admitted into evidence.
 

 Additionally, the government has produced a copy of the inventory list of items seized at the time of the arrest. The list states: “Mise yellow jewelry food stamps and $300 U.S. currency found in Brown paper Bag on floor of Rear Bdroom closet by Det Pat EDNIE.” Government’s Exhibit B.
 

 III.
 

 In the present case, the Court has sufficient evidence to decide Green’s motion, and no hearing is necessary. The United States has conceded its willingness to return the jewelry. Accordingly, the United States is ordered to deliver the chain and medallion forthwith to Lance Green, c/o Mrs. Pamela Wheeler, 429 Dumant Avenue, Apartment 4A, Brooklyn, New York 11212.
 

 As for the $3500, based on the government’s documentary evidence, the Court determines that only $300, and not $3500, was seized following Green’s arrest. Green’s conviction is sufficient proof that he was guilty of robbing Choi. The Court concludes that it is entitled to rely on this conviction as an implicit determination that the $300 was the partial proceeds of Green’s robbery of Choi. Therefore, it concludes that because Green only possessed the money because he had stolen it, he has never had a legal interest in the $300. Accordingly, the aspect of the motion requesting a return of the money is denied.
 

 SO ORDERED.