UNITED STATES of America,

v.

Peter GOTTI, Anthony Ciccone, also known as "Sonny," Richard V. Gotti, Primo Cassarino, Jerome Brancato, also known as "Jerry," Richard G. Gotti, Peter Piacenti, also known as "Pete 17," Richard Bondi, Frank Scollo, also known as "Red" and "the little guy," Vincent Nasso, also known as "Dr. Nasso," Julius Nasso, also known as "Jules," Anthony Pansini, Salvatore Cannata, Anna Eylenkrig, Thomas Lisi, Carmine Malara and Jerome Orsino, Jr., Defendants.

No. 02–CR–606(FBASC).

United States District Court,
E.D. New York.

Feb. 7, 2003.

Roslynn R. Mauskopff, United States Attorney for the Eastern District of New York by Andrew Genser, Assistant United States Attorney, Rick Whelan, Special Assistant United States Attorney, Brooklyn, NY, for the Government.

Richard A. Medina, New York, NY, for Richard Bondi.

### *MEMORANDUM & ORDER*

BLOCK, District Judge.

By papers submitted on December 22, 2002, defendant Richard Bondi ("Bondi") moves for "Reargu[ ]ment and Renewal" of his motion pursuant to former Fed. R.Crim.P. 41(e) for the return of property, which the Court denied by oral decision in open court on December 20, 2002, after conducting an evidentiary hearing on October 24, 2002. Bondi Letter, December 22, 2002. Bondi's motion sought the return of $30,000 seized during a search of his home. The Court denied the motion because it concluded that Bondi had failed to show the funds were not contraband. Bondi moves for reconsideration because he claims that at the evidentiary hearing the Court set the burden of proof on the government, and then, on December 20, 2002, ruled that the burden of proof was on him. Bondi claims that he "relied upon the articulated ruling of the Court with regard to the applicable burden of proof" to his detriment. *Id.* at 3.

The Court writes to explain and reinforce its ruling on the burden of proof and to discuss the evolution of former Fed. R.Crim.P. 41(e), which was amended effective December 1, 2002 as current Fed. R.Crim.P. 41(g) and (h). Specifically, the Court addresses the allocation of the burden of proof when a return of property motion is made while a criminal proceeding is pending.

### BACKGROUND

In its decision denying Bondi's motion, the Court made the following factual findings: On October 28, 2001, Bondi received a personal injury settlement in the amount of $60,790.40. The next day, Bondi opened a bank account at a Graniteville branch of Staten Island Bank and Trust. Given a few day's notice, the bank would have been willing to cash Bondi's check. Alternatively, Bondi could have withdrawn the entire amount from a nearby branch. On November 1, Bondi withdrew $12,000 from the account from the Graniteville branch. Over the course of the next several days, Bondi withdrew $6,000 a day, leaving $790.40.

Approximately three months later, on January 22, 2002, the Criminal Court of the City of New York issued a warrant authorizing a search of Bondi's residence for, *inter alia*, gambling records, cash, and other proceeds of illegal bookmaking. Law enforcement officers executing the warrant found $30,000 bundled in elastic bands and stored in a garment bag in a closet in the master bedroom. $28,700.00 of this amount was in $100 bills. Special Investigator Joel Poccia ("Agent Poccia") stated at the evidentiary hearing that, in his experience, gambling proceeds were often packed in large bills and bundled in even dollar amounts.

Three weeks later, on February 11, 2002, Agent Poccia overheard a conversation in which Bondi and other defendants appeared to be speaking about the money. During the exchange, defendant Sonny Ciccone stated "Let's see if they're gonna tie this money into the machines," to which Bondi replied, "I got the best explanation to prove where that money came from." Bondi did not produce any receipts showing how the settlement money had been spent.

In denying Bondi's motion on December 20, 2002, the Court stated that its research had revealed that under former Rule 41(e), applicable at the time of the hearing, the burden of proof was on the movant when the motion was made before trial, and that Bondi had failed to satisfy that burden. Bondi objected to the ruling, asserting that the Court had previously stated that the burden of proof was on the government. The Court noted Bondi's objection and stated that, even if the burden had been on the government, Bondi's motion would fail.

At the October 24, 2002 evidentiary hearing, the Court stated:

THE COURT: Now, my understanding of the way that these things should proceed [is] as follows. Certainly, a motion can be made by the defendant for the return of property that the government has in its possession. The motion is governed by Rule 41(e) of the Federal Rules of Criminal Procedure. I take it that you folks have looked at that.

[My] sense is that this is to be treated as a motion to suppress under Rule 12. That is specifically referenced in ... Rule 41(e). That places the burden on the government to support the retention of property.

Tr. of Evidentiary Hearing, Oct. 24, 2002, at 3.

Bondi has misinterpreted the Court's reference to the burden of proof. The Court's quoted statement was made with reference to that part of former Rule 41(e) incorporating Fed.R.Crim.P. 12; the Court was not referring to the burden of proof under Rule 41(e). Indeed, the Court made clear at the conclusion of the hearing that it had not yet resolved the question of which party bore the burden on a Rule 41(e) motion and gave the parties time to submit papers on the issue:

I will reserve on this. I want to give you two gentlemen an opportunity to give the law to me on the relative burdens on a 41(e) motion. ... A week from this weekend. ... Address the relative burdens in the context of 41(e) and what we are talking about, the contraband.

Id. at 84–87. Neither the government nor Bondi submitted law as to the relative burdens under Rule 41(e).

## DISCUSSION

### I. Former Fed.R.Crim.P. 41(e) and Current Fed.R.Crim.P. 41(g) and (h)

A brief review of the evolution of Rule 41 is necessary to the Court's decision. Rule 41 was adopted in 1944 and has been amended several times. Prior to its 2002 amendments, Fed.R.Crim.P. 41(e) provided:

A person aggrieved by an unlawful search and seizure or by the deprivation of property may move the district court for the district in which the property was seized for the return of the property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent pro-

ceedings. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

Most pertinent to the present case are the 1972 and 1989 amendments.[1] In 1972, the last line of former rule 41(e), incorporating Fed.R.Crim.P. 12, was added. As the Advisory Committee Notes explain:

> This change is intended to further the objective of rule 12, which is to have all pretrial motions disposed of in a single court appearance rather than to have a series of pretrial motions made on different dates, causing undue delay in administration.

Advisory Committee Notes accompanying 1972 amendments to Rule 41(e). Pursuant to this last line of former Rule 41(e), a motion made under the rule for a return of property consequently triggered and subsumed a motion to suppress the seized property. As the Advisory Committee Notes explain, this provided for the efficient resolution of all pretrial motions. See *United States v. Levasseur*, 609 F.Supp. 849, 851 (D.Me.1985) (noting Advisory Committee's rationale for last line of Rule 41(e)); *In re Grand Jury Proceedings Involving Berkley and Co., Inc.*, 466 F.Supp. 863, 866 (D.Minn.1979) (same).

In 1989, the language "or by the deprivation of property" was added to the first line of former Rule 41(e). Its purpose was to allow for a motion for the return of property even when the search and seizure were lawful. The Advisory Committee Notes to the 1989 amendments to Rule 41 recognized that the language of former Rule 41(e) had been "somewhat confusing" in that prior to its 1989 amendments, "Rule 41(e) did not explicitly recognize a right of a property owner to obtain return of lawfully seized property even though the government might be able to protect its legitimate law enforcement interests in the property despite its return. . . ." Advisory Committee Notes accompanying 1989 amendments to former Rule 41(e). "As amended [in 1989], Rule 41(e) provides that . . . a person whose property has been lawfully seized may seek return of property when aggrieved by the government's continued possession of it." *Id; see Government of Virgin Islands v. Edwards*, 903 F.2d 267, 273 (3d Cir.1990) ("[Under the 1989 amendments], any person aggrieved by 'the deprivation of property' may file a Rule 41(e) motion to require the government to return . . . property."). However, "[n]o standard is set forth in the rule to govern the determination of whether the property should be returned to a person aggrieved . . . by deprivation of the property." Advisory Committee Notes accompanying 1989 amendments to former Rule 41(e).

The 2002 amendments have revised and relocated former Rule 41(e) to subsection 41(g), except for the last line, which has been recast without substantive change as subsection 41(h).[2]

---

1. The Court notes that it need not determine whether "reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings," former Fed. R.Crim.P. 41(e), because Bondi has no right to possession of the seized funds if they are contraband. *See United States v. Chambers*, 192 F.3d 374, 377 (3d Cir.1999) ("Generally, a Rule 41(e) motion is properly denied if . . .

the property is contraband. . . ."); *United States v. Melville*, 309 F.Supp. 829, 833 (S.D.N.Y.1970) ("A defendant is not entitled to the return of contraband.").

2. Current Rule 41(h) provides: "A defendant may move to suppress evidence in the court where the trial will occur, as Rule 12 provides." Fed.R.Crim.P. 41(h).

The Advisory Committee Notes to the 2002 amendments explain that [t]he language of Rule 41 has been amended as part of the general restyling of the Criminal Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only, except as otherwise noted below.

The Advisory Committee Notes to the 2002 amendments explain that Pursuant to former Rule 41(e), which, as noted, was applicable at the time of the October 24, 2002 hearing, the Court treated Bondi's motion for the return of property "also as a motion to suppress under Rule 12." Former Fed.R.Crim.P. 41(e).

## II. Application to Bondi's Motion

### A. Rule 12

■ Pursuant to former Rule 41(e), which, as noted, was applicable at the time of the October 24, 2002 hearing, the Court treated Bondi's motion for the return of property "also as a motion to suppress under Rule 12." Former Fed.R.Crim.P. 41(e). On a Rule 12 motion, the government always bears the burden. *See United States v. Pena,* 961 F.2d 333, 338–39 (2d Cir.1992) ("[O]n a motion to suppress ... the burden is on the Government...."); *United States v. Rucker,* 32 F.Supp.2d 545, 551 (E.D.N.Y.1999) ("Once the defendant ... has established some basis for the motion [to suppress], ... the burden [is on] the government to show that the search was lawful."). There was no need to address the incorporated Rule 12 motion because Bondi conceded that the search and seizure were legal. *See* Tr. of Hearing, October 24, 2002, at 18–19.

### B. Burden of Proof on Motion for Return of Property

In *Edwards,* the Third Circuit, interpreting the 1989 amendments to former Rule 41(e), noted that "in its earlier version, [Rule 41(e)] did not contain any suggestion of the standard to govern the determination whether the property should be returned to the movant, and the amendment[s] did not speak to that issue. The Advisory Committee Notes to the 1989 amendment[s] suggest merely that 'reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property[.]'" 903 F.2d at 273.

■ The Third Circuit later clarified the standard to be applied and the assignment of the burden where a motion for return of property is made while a criminal trial is pending: "If a motion for return of property is made while a criminal prosecution is pending, the burden is on the movant to show that he or she is entitled to the property.... Generally, a Rule 41(e) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continued." *United States v. Chambers,* 192 F.3d 374, 377 (3d Cir.1999) (citing *United States v. Van Cauwenberghe,* 934 F.2d 1048, 1061 (9th Cir.1991); *United States v. Martinson,* 809 F.2d 1364, 1369 (9th Cir.1987)) (citations and internal quotation marks omitted). In the absence of Second Circuit authority addressing this specific question, or any argument from Bondi as to why the rule of *Chambers* should not be followed, the Court agrees with and adopts the Third Circuit's interpretation of former Rule 41(e). *Cf. Leutwyler v. Office of Her Majesty Queen Rania Al Abdullah,* 184 F.Supp.2d 277, 295 (S.D.N.Y.2001) ("In the absence of controlling authority in this Circuit, this Court is free to [adopt the holdings of other Circuits.]"); *Praxair Inc. v. May-*

*flower Transit, Inc.,* 919 F.Supp. 650, 656 (S.D.N.Y.1996) ("The parties have not cited, and the Court has not found any contrary authority in this circuit, and the decisions of the Courts of Appeals for the First and Ninth Circuits are persuasive on this proposition."); *Barracano v. Lord,* 620 F.Supp. 1284, 1287 (S.D.N.Y.1985) ("Finding no controlling authority in the Second Circuit, this Court finds persuasive, and consequently adopts, the reasoning set forth by the Third Circuit[.]").

■ Accordingly, Bondi had the burden to prove, by the preponderance of the evidence, that the property was not contraband. *See, e.g., United States v. Tucker,* 495 F.Supp. 607, 613 (E.D.N.Y.1980) ("It is clear that rulings on pretrial motions in criminal cases need be based only on a fair preponderance of the evidence, not evidence beyond a reasonable doubt.") (citing *Lego v. Twomey,* 404 U.S. 477, 488, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972)). Based on this assignment of the burden, the Court reaffirms its decision to deny Bondi's motion, for the reasons stated in open court on December 20, 2002, namely: 1) the incriminating manner in which the cash was hidden and the lack of any legitimate or plausible explanation for why the money would be hidden in such a manner, which suggest that Bondi knew of its illicit nature; 2) Bondi's statement "I got the best explanation to prove where that money came from," which suggests that the settlement and subsequent withdrawals were a form of cover for gambling funds, and 3) Bondi's failure to provide any receipts or explanation as to how the settlement funds were spent.

■ Although the burden of proof is on the movant while a criminal prosecution is pending, *see Chambers,* 192 F.3d at 377, the burden shifts to the government 1) after trial, 2) after a guilty plea or 3) after the abandonment of the government's investigation. *Id.; see Martinson,* 809 F.2d at 1369 ("[W]hen the property in question is no longer needed for evidentiary purposes; either because trial is complete, the defendant has pleaded guilty, or, as here, the government has abandoned its investigation, the burden of proof changes [and][t]he person from whom the property [was] seized is presumed to have a right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property."); *see also Green v. United States,* 90 F.Supp.2d 229, 230 (E.D.N.Y.2000) ("Although Rule 41(e) does not set forth the applicable burden of proof, . . . [after conviction] the government has the burden to prove by a preponderance of the evidence that the petitioner is not entitled to return of the property.") (collecting cases).

■ The government would also bear the burden of proof at any post-trial forfeiture proceeding. *See United States v. $557,933.89, More or Less, in U.S. Funds,* 287 F.3d 66, 76 n. 15 (2d Cir.2002). The Court notes that the decision made at this juncture in the proceedings has no collateral estoppel effect on any future forfeiture proceeding brought by the government. *See United States v. U.S. Currency in the Amount of $119,984.00, More or Less,* 304 F.3d 165, 176–77 (2d Cir.2002).

### CONCLUSION

Bondi's motion for reconsideration is denied.

**SO ORDERED.**